# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Natalie Evans,<br><br>      Plaintiff,<br><br>vs.<br><br>Acceptance Loan Company,<br>an Alabama corporation,<br><br>      Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, NATALIE EVANS, BY AND THROUGH COUNSEL, MATTHEW LANDREAU, ESQ., and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Pell City, St. Clair County, Alabama.

4. Venue is proper in the Northern District of Alabama.

## PARTIES

5. Plaintiff is a natural person residing in Pell City, St. Clair County, Alabama.

6. The Defendants to this lawsuit is Acceptance Loan Company ("Acceptance Loan") which is an Alabama corporation that conducts business in the state of Alabama.

## GENERAL ALLEGATIONS

7. Acceptance Loan is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $163.00 on Plaintiff's Equifax credit disclosure. The account reflected by the Errant Tradeline was charged off and closed. Plaintiff no longer has an obligation to make monthly payments to Acceptance Loan. Acceptance Loan closed the account and accelerated the balance due. Hence, the entire balance is due presently with no payment plan in place.

8. The Errant Tradeline should be reported by Acceptance Loan with a monthly payment of $0.00. Per credit reporting industry standard and the Credit

Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

9. On March 22, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

10. On or about April 26, 2019, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

11. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was charged off and closed by Acceptance Loan. Plaintiff no longer has an obligation to make monthly payments to Acceptance Loan. Plaintiff asked Acceptance Loan to report the Errant Tradeline with the monthly payment amount of $0.00.

12. Equifax forwarded Plaintiff's consumer dispute to Acceptance Loan.

13. Acceptance Loan received Plaintiff's consumer dispute from Equifax.

14. Acceptance Loan did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. In response to Plaintiff's dispute, Acceptance Loan verified to Equifax that its reporting of its Errant Tradeline was accurate.

16. Plaintiff had not received Equifax's investigation results. Therefore, on June 20, 2019, Plaintiff obtained her Equifax credit disclosure, which showed that Acceptance Loan failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ACCEPTANCE LOAN**

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Acceptance Loan negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Acceptance Loan negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as

required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

22. As a direct and proximate cause of Acceptance Loan's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Acceptance Loan is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Acceptance Loan arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Acceptance Loan for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ACCEPTANCE LOAN**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Acceptance Loan willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

27. Acceptance Loan willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Acceptance Loan's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Acceptance Loan is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Acceptance Loan for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 28, 2020

By: */s/ **Matthew Landreau***
Matthew Landreau
AL Bar No. LAN079
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,
Natalie Evans*